## No. 26468

**The People of the State of Colorado v. Frank White**

(553 P.2d 68)

Decided August 9, 1976.

354

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Frank White, was convicted by a jury of two counts of second-degree assault.[1] Defendant contends that the evidence was not sufficient to sustain the verdicts and that the jury was not properly instructed as to the law. We find no error in the proceedings below and therefore affirm the judgments of conviction.

---

[1] 1971 Perm. Supp., C.R.S. 1963, 40-3-203. Now section 18-3-203, C.R.S. 1973.

Floyd Ortiz and the defendant were co-workers and the events constituting the crimes charged occurred at their place of employment. Floyd Ortiz testified that the defendant punched him in the face and later struck him across the face with a hard object.

After receiving the first blow from the defendant, Floyd called his brother, Obed Ortiz, and asked Obed to come to the plant to take him home. When Obed arrived at the plant, he saw the defendant trying to break into a bathroom where Floyd had sequestered himself. Obed attempted to pass by the defendant and the defendant answered with a blow to Obed's head.

The police officers who were summoned found a broken broom handle and a ratchet wrench which belonged to the defendant on the floor of the room where these altercations took place. The head of the wrench matched indentations found in the bathroom wall.

The prosecution medical witness testified that the skull fractures received by the Ortiz brothers could not have been produced by a fist but were probably caused by a blow from a round, blunt object. The doctor also testified that blows of the type suffered by the Ortiz brothers would carry with them a substantial risk of death.

## I.

■ Defendant asserts that the evidence was not sufficient to sustain the convictions. While many of the facts recited above were contradicted by the defendant's testimony, the evidence viewed in the light most favorable to the prosecution amply supports the convictions. The jury was entitled to believe the testimony of the Ortiz brothers and to disbelieve the defendant's asserted defense of self-defense.

■ Specific intent to cause bodily injury may be found from the "defendant's actions and the reasonable inferences which may be drawn from the circumstances of the case." *Baker v. People*, 176 Colo. 99, 489 P.2d 196 (1971). An assault perpetrated in the manner testified to by the Ortiz brothers supports a finding of specific intent to cause bodily harm.

■ While intoxication may be relevant to a determination of whether the defendant did form or had the capacity to form the requisite specific intent, the issue of intoxication is one for the jury. *Martinez v. People*, 172 Colo. 82, 470 P.2d 26 (1970). *see* section 18-1-804, C.R.S. 1973. Evidence was presented indicating that the defendant had consumed intoxicating liquor prior to the assaults. The jury, by its verdicts of guilty of second-degree assault, determined that the defendant was not so intoxicated as to be incapable of forming the specific intent to cause bodily harm to the Ortiz brothers.

## II.

The trial court instructed the jury on second-degree assault and the

lesser-included offense of third-degree assault[2] relating to intentional, knowing, and reckless conduct. The trial court refused to instruct the jury on the commission of third-degree assault by criminal negligence. The defendant assigns this refusal of the trial court as reversible error.

A defendant is entitled to an instruction on his theory of the case whenever the theory is supported by some evidence. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974). A defendant is also entitled to have the jury instructed on any lesser offense if there is a rational basis for the jury to acquit the defendant of the greater offense but convict him of the lesser offense. *People v. Hansen,* 191 Colo. 175, 551 P.2d 710; *People v. Lent,* 187 Colo. 248, 529 P.2d 1317 (1975); *People v. Rivera, supra.*

We agree with the trial court that there was no evidence giving support to a theory that the defendant acted with criminal negligence in striking the Ortiz brothers. To the contrary, all the evidence demonstrates that the defendant intentionally struck the Ortiz brothers. Defendant asserts, however, that evidence of intoxication presented at the trial required an instruction on criminal negligence.

Even if the defendant had been intoxicated at the time of the assaults, under the evidence in this record, he would, as a matter of law, have acted recklessly with respect to the assaults. Section 18-1-501(8), C.R.S. 1973 provides that "a person who creates a risk but is unaware thereof solely by reason of self-induced intoxication . . . acts recklessly with respect thereto." The trial court therefore properly refused to instruct the jury on criminally negligent assault.

The judgments of conviction are affirmed.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.

---

[2] 1971 Perm. Supp., C.R.S. 1963, 40-3-204. Now section 18-3-204, C.R.S. 1973.