The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jerald ALLEN, Defendant–Appellant.

No. 98CA2043.

Colorado Court of Appeals, Div. I.

Sept. 27, 2001.

As Modified on Denial of Rehearing Oct. 25, 2001.*

Certiorari Denied April 15, 2002.**

---

* Editor's Note: This opinion was originally published at 43 P.3d 689. It is republished to include the modifications on denial of rehearing.

** Justice BENDER would grant as to the following issue:

Whether *People v. Thomas*, 729 P.2d 972 (Colo. 1986), should be overruled since reckless manslaughter does not constitute a cognizable crime.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Jason C. Middleton, Evergreen, CO; Nancy L. Flax, Denver, CO, (On the Briefs), for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Jerald Allen, appeals the trial court's judgment entered on jury verdicts finding him guilty of aggravated motor vehicle theft, § 18–4–409, C.R.S.2001, vehicular eluding, § 18–9–116.5, C.R.S.2001, fourteen counts of felony menacing, § 18–3–206, C.R.S.2001, possession of an incendiary device, § 18–12–109(2), C.R.S.2001, false imprisonment, § 18–3–303, C.R.S.2001, failure to leave premises (misdemeanor), § 18–9–119, C.R.S.2001, and eight counts of criminal attempt to commit reckless manslaughter, §§ 18–3–104, 18–2–101, C.R.S.2001. We affirm.

In 1997, defendant stole a car and parked it in the garage of a house where he and several young women were temporarily residing. A witness to the theft followed defendant to the house and informed the authorities. The responding officers received permission to enter the house, and when they entered, defendant told them to back off or he would cause harm to himself or the young women and that he had the means to blow up the house. Following an overnight standoff, defendant escaped from the house with a young woman in the stolen car, which had been partially disabled by a device that deflated one of the tires.

A high-speed chase ensued wherein defendant fired numerous rounds of ammunition in an unsuccessful effort to discourage the pursuing officers. When the chase ended, the officers found the ingredients for a molotov cocktail in the car. At trial, defendant's intent in firing the weapon was disputed.

Defendant was sentenced to a series of concurrent and consecutive terms for a total of thirty years in the Department of Corrections (DOC). This sentence included a sentence of six years for vehicular eluding, a class 5 felony, which is the maximum aggravated range sentence for that offense under § 18–1–105(1)(V)(A), (6), C.R.S.2001.

## I.

On appeal, defendant contends that, as applied here, attempted reckless manslaughter under §§ 18–2–101(1), 18–3–104(1)(a), C.R.S.2001, a class 5 felony, unconstitutionally proscribes conduct identical to that proscribed by reckless endangerment under § 18–3–208, C.R.S.2001, a class 3 misdemeanor. Because defendant failed to raise this issue in the trial court, we decline to address it here. *See Rose v. City & County of Denver,* 990 P.2d 1120 (Colo.App.1999)(appellate courts will not address constitutional issues raised for the first time on appeal).

In addition, *People v. Thomas,* 729 P.2d 972 (Colo.1986), is dispositive of defendant's related argument that attempted reckless manslaughter is not a legally cognizable crime in Colorado.

## II.

Defendant contends that the trial court erred in its response to an inquiry from the jury. We conclude that any error was harmless.

During deliberations, the jury submitted a number of inquiries to the trial court, one of which read:

Clarification Please:

Substantial Step → Purpose/Offense

The definition reads, ". . . The actor's *purpose* to complete the commission of the *offense*."

1) Must his *purpose* be to kill (murder or commit manslaughter?)

2) Is "offense" murder and/or manslaughter?

After consulting with trial counsel, and without objection, the trial court responded, in pertinent part, as follows:

A. Any criminal attempt requires the culpable mental state of the crime being attempted.

. . . .

4) Attempted reckless manslaughter requires that the conduct be engaged in when the defendant consciously disregards a substantial and unjustified risk that it will cause the death of another.

B. The law does not punish mental states alone, however. So attempt also requires *conduct* and the *conduct* must be "highly corroborative of the firmness of the actor's purpose to complete this commission of the offense."

Thus, for example, no matter how firmly one may be bent upon killing another, he may not be convicted of any level of attempted homicide if his conduct is limited to throwing a soft object that is incapable of causing significant injury.

On appeal, defendant argues that the soft object hypothetical impermissibly lowered the People's burden of proof because it implied that the use of an object capable of causing injury necessarily establishes the requisite conduct for attempted reckless manslaughter. In addition, defendant argues that the hypothetical violates ABA standards disapproving of clarifying instructions that contain opinions on relevant factual matters. *See Standards of Criminal Justice* Standard 15–4.3(a)(iii) (2d ed.1980)(the court should not respond to an inquiry from the jury that requires it to express an opinion on factual matters).

■■■■ Because defendant assented to the trial court's response, our review is limited to a plain error analysis. With respect to jury instructions, a plain error standard requires a defendant to demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his or her conviction. In determining whether an erroneous instruction rises to the level of plain error, we must consider it in the context of the jury instructions as a whole. Plain error occurs when the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *See generally People v. Garcia,* 28 P.3d 340 (Colo. 2001); *People v. Coria,* 937 P.2d 386 (Colo. 1997).

As relevant here, the jury was considering eight counts of attempted after-deliberation first degree murder and attempted extreme indifference first degree murder as alternative theories, and multiple counts of the lesser included offenses of attempted second degree murder and attempted reckless manslaughter. Each count named an individual officer as the victim.

The evidence was that, during the motor vehicle chase, defendant held a rifle out the driver's window and fired it erratically forty-seven times, frequently to the rear in the general direction of the pursuing officers, but generally up in the air in that direction. No officer or police vehicle was struck. Defendant's theory was that it was highly unlikely, if not impossible, for the officers to have been killed by his use of the rifle. Defendant was convicted of eight counts of attempted reckless manslaughter, a class 5 felony, which was the least serious of the lesser included offenses of attempted first and second degree murder. Defendant conceded that he committed menacing with a deadly

weapon, and he was convicted of fourteen counts of that offense.

■ The soft object hypothetical was a comment on the evidence and not a proper instruction on the law. Thus it was error to give it. However, contrary to defendant's argument on appeal, the hypothetical did not reduce the People's burden of proof, but rather, logically benefited defendant. We conclude that there was no reasonable possibility that the jury read the hypothetical to say that all the People had to prove with respect to attempted reckless manslaughter was that defendant used a weapon or means that could have caused death. Defendant's assertion to the contrary ignores the total context of the hypothetical, the issues before the jury, the inquiry, and the other general instructions.

In light of the overwhelming and detailed evidence of the defendant's conduct and the otherwise correct instructions on the law, we cannot conclude that the jury was misled into finding that defendant committed attempted reckless manslaughter solely because he possessed and used an instrument capable of causing death. Thus, the error does not cast serious doubt on the verdict, and, therefore, it does not constitute plain error.

### III.

Finally, defendant, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), contends that the trial court erred in imposing an aggravated sentence of six years for vehicular eluding. We disagree.

In *Apprendi*, the defendant pled guilty to a firearm offense, which carried with it a sentencing range between five and ten years. The prosecution subsequently filed a motion to enhance the sentence pursuant to the New Jersey hate crimes statute, which permitted the court to increase the sentence to between ten and twenty years if it found by a preponderance of the evidence that the crime was racially motivated. Following a hearing at which the defendant's statement that his actions were racially motivated was disclosed, the trial court found racial bias by a preponderance of evidence and sentenced the defendant in the higher range.

The defendant challenged this sentence as unconstitutional, arguing that the Due Process Clause of the Fourteenth Amendment requires that the question of racial bias be submitted to a jury and proved beyond a reasonable doubt. Drawing heavily on its earlier decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Supreme Court reversed and remanded, holding that it is a violation of due process for a defendant to receive a sentence greater than that to which he or she was exposed by the jury's verdict without the requisite aggravating factor or factors, other than prior convictions, having been found by the jury beyond a reasonable doubt.

■ Vehicular eluding that does not result in bodily injury or death of another person is a class 5 felony, punishable by a presumptive range of one to three years imprisonment and an additional two years of mandatory parole. Section 18–1–105(1)(a)(V)(A), C.R.S. 2001; Colo. Sess. Laws 1989, ch. 148, § 18–9–116.5 at 840–41. In addition, pursuant to § 18–1–105(6), C.R.S.2001, as relevant here, a court may increase the sentence to a term not greater than twice the maximum of the presumptive range (here six years) upon a finding of extraordinary aggravating circumstances.

Therefore, upon conviction by a jury, and without the proof of more, a defendant is exposed to a maximum sentence of six years incarceration in the DOC, the maximum in the aggravated range. The decision to sentence in the presumptive range or in the aggravated range is left to the sound discretion of the trial court.

■ Under § 18–1–105(6), the trial court is directed to consider unspecified "extraordinary aggravating circumstances" in determining whether to impose a sentence in the aggravated range. The decision of whether a circumstance rises to an "extraordinary aggravating circumstance" is left to the sound discretion of the trial court. *See, generally, People v. Leske*, 957 P.2d 1030 (Colo. 1998). These circumstances are those normally considered by the trial court when

imposing a sentence, including the character and history of the defendant and the particular circumstance of the offense, which become "extraordinary" because of their quantity or quality. They are not, as was the case in *Apprendi,* specified facts or considerations that, if found, mandate an increased penalty range or class of the offense. *See,* e.g., *People v. Martinez,* 32 P.3d 520 (Colo. App. 2001)(second degree kidnapping elevated from class 3 to class 2 felony if accompanied by sexual assault, and sexual assault elevated from class 3 felony to class 2 felony if accompanied by serious bodily injury).

In support of the aggravated range sentence, the trial court found that: (1) defendant drove at high speeds the wrong way on major streets and a freeway during rush hour; (2) defendant drove at high speeds on a flat tire and later on the metal rim of a wheel; (3) defendant caused numerous other vehicles to drive off the side of the road and placed many people, including a school bus driver, in fear; (4) the chase was lengthy, both in time and distance, proceeded through a residential area, and placed a large number of people in jeopardy; and (5) defendant's criminal record, which included several serious juvenile and adult violations, demonstrated that defendant was a significant danger to others.

■ Sentencing decisions, including the imposition of an aggravated range sentence, are left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v. O'Neal,* 32 P.3d 533 (Colo.App. 2000). The factors considered by the trial court in exercising its discretion to impose an aggravated range sentence for vehicular eluding are not unlike those to be considered in determining whether to grant probation, § 16–11–203, C.R.S.2001; Crim. P. 32, whether to impose the death penalty, § 16–110–103, C.R.S.2001, or whether to impose aggravated range sentencing. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

Thus, unlike *Apprendi,* which concerned the imposition of a sentence beyond that provided for the offense by statute, based on a wholly separate fact or element that was not charged and not submitted to the jury, here, defendant received a sentence to which he was exposed by the original charge. *Apprendi* does not require the invalidation of the sentencing scheme adopted by the General Assembly, which creates a presumptive sentence range and permits the trial court, in its discretion, to sentence in aggravated or mitigated ranges based on unspecified extraordinary aggravating or mitigating factors or circumstances particularized to the defendant or the offense.

The trial court's findings and conclusions with respect to the existence and gravity of the extraordinary circumstances justifying a sentence in the aggravated range are fully supported in the record.

Judgment affirmed.

Judge METZGER and Judge DAVIDSON concur.