**The PEOPLE of the State of Colorado, Plaintiff Appellee,**

v.

**Scott Lee RIVERA, Defendant Appellant.**

No. 01CA1773.

Colorado Court of Appeals, Div. V.

Sept. 26, 2002.

Certiorari Denied Feb. 3, 2003.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Scott Lee Rivera, appeals from the district court orders denying two separate motions for postconviction relief. We affirm.

Defendant pleaded guilty to third degree assault, a class one misdemeanor, and violation of custody order, a class five felony with a sentencing cap of four years, in exchange for the dismissal of other charges. The trial court accepted the plea and sentenced defendant to a four-year prison term for his felony conviction, a sentence in the aggravated range, to be served concurrently with a three-year probation term for his misdemeanor conviction.

When defendant committed his offenses in 1999, the presumptive sentencing range for a class five felony was one to three years. Section 18–1–105(1)(a)(V)(A), C.R.S.2002. The trial court imposed a sentence in the aggravated range, however, after concluding and making specific findings that extraordinary aggravating factors warranted an extended term. *See* § 18–1–105(6), C.R.S.2002.

After he was sentenced, defendant, through counsel, filed a combined motion under Crim. P. 35(a) and (c) in which he argued that his prison sentence was illegal because the trial court failed to make specific findings of aggravating factors that would justify a term outside the presumptive range for a class five felony. The district court denied the motion after a hearing.

Defendant, acting pro se, filed a second combined motion under Crim. P. 35(a) and (c) in which he attacked the constitutionality of his prison sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court summarily denied defendant's second motion.

Defendant appeals the denial of both his motions.

## I.

Defendant contends that the sentence for his felony conviction is unconstitutional

under *Apprendi v. New Jersey, supra,* and that the district court therefore erred in denying his second postconviction motion for relief. We disagree.

■ The district court may summarily deny a postconviction motion if the motion, files, and case record clearly establish that the defendant is not entitled to relief. *People v. Breaman,* 939 P.2d 1348 (Colo.1997). Here, defendant is not entitled to relief because *Apprendi* does not require a reduction in his sentence.

■ In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

■ In *People v. Allen,* 43 P.3d 689 (Colo. App.2001), a division of this court held that the principle announced in *Apprendi* does not apply to the discretionary extraordinary aggravating circumstances under § 18–1–105(6). Other divisions have reached the same conclusion. *See, e.g., People v. Harrison,* 58 P.3d 1103 (2002); *People v. Ramos,* 53 P.3d 1178 (Colo.App.2002). We find these cases persuasive here.

In reaching this conclusion, we reject defendant's reliance on *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). Gould's sentence, which was imposed under a statute that authorized an upward durational departure from the presumptive term in the presence of certain factors, was vacated on the ground that it violated *Apprendi.* To the extent that *Gould* can be read to favor a result contrary to that reached here, we decline to follow it.

We likewise reject defendant's claim that *Allen* erroneously interprets and applies the sentencing laws. Defendant takes issue with the statement in *Allen* that "upon conviction by a jury, and without the proof of more, a defendant is exposed to a maximum sentence ... in the aggravated range." *People v. Allen, supra,* 43 P.3d at 692. Contrary to defendant's assertion, this language in *Allen* does not authorize an aggravated sentence in all cases where a conviction occurs; it merely recognizes that a defendant who is convicted of a crime is subject to the possibility of a sentence in the aggravated range. Such a sentence may not be imposed, however, unless the trial court specifically finds that the unenumerated extraordinary aggravating circumstances exist. *See* § 18–1–105(6); *People v. Leske,* 957 P.2d 1030 (Colo.1998)(a trial court may not impose an aggravated sentence simply because the elements of the offense were proved).

In his petition for rehearing, defendant suggests that *People v. Allen, supra,* is no longer viable in light of *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). We have reviewed *Ring* and the companion case, *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and conclude that neither calls into question the holding in *Allen.*

In *Ring,* the Supreme Court held the Arizona death penalty sentencing scheme unconstitutional under *Apprendi* because the judge, not the jury, determined whether any enumerated aggravators had been proved and whether they outweighed any mitigating factors. In that case, the defendant had been convicted of felony murder and, under *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), and *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987), the trial court first had to determine whether the defendant had actually killed, or attempted to kill, the victim or whether he was a major participant in the underlying robbery. The trial court concluded that the defendant had killed the victim and that he was a major participant in the robbery. The trial court further concluded that the killing had been for pecuniary gain and that the murder had been committed in an especially heinous, cruel, or depraved manner, both being enumerated aggravators permitting the imposition of the death penalty. The Supreme Court held that this sentencing scheme violated the defendant's Sixth Amendment right to a jury trial. In characterizing its holding in *Apprendi,* the court stated:

We held that Apprendi's sentence violated his right to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." That right attached not only to Apprendi's weapons offense but also to the "hate crime" aggravating circumstance. New Jersey, the Court observed, "threatened Apprendi with certain pains if he unlawfully possessed a weapon and with additional pains if he selected his victims with a purpose to intimidate them because of their race." "Merely using the label 'sentence enhancement' to describe the [second act] surely does not provide a principled basis for treating [the two acts] differently."

... If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. A defendant may not be "exposed ... to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone."

*Ring v. Arizona, supra,* 536 U.S. at ——, 122 S.Ct. at 2439–40, 153 L.Ed.2d at 572 (citations omitted-emphasis in original).

In *Harris v. United States, supra,* the defendant pleaded guilty to a drug trafficking offense. After trial to the court, he also was convicted of a violation of 18 U.S.C. § 924(c)(1)(A) (2002), which, in pertinent part, provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any ... drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime—
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

At sentencing, the trial court found that the defendant had "brandished" the firearm and sentenced him to seven years imprisonment, consecutive to the sentence for the drug offense. The Supreme Court held that, while a violation of 18 U.S.C. § 924(c)(1)(A) must be charged in the indictment, submitted to the finder of fact, and proved beyond a reasonable doubt, the question of whether the defendant brandished or discharged the firearm is a sentence enhancer that can be determined by the court at sentencing. That is, the statute defines one crime with two sentence enhancers, and not three separate crimes. The Supreme Court, in a plurality opinion, reaffirmed *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), and stated:

Reaffirming *McMillan* and employing the approach outlined in that case, we conclude that the federal provision at issue, 18 U.S.C § 924(c)(1)(A)(ii), is constitutional. Basing a 2–year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements of the Fifth and Sixth Amendments. Congress "simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise weight to be given that factor." *McMillan,* 477 U.S. at 89–90, 106 S.Ct. 2411. That factor need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt.

*Harris v. United States, supra,* 536 U.S. at ——, 122 S.Ct. at 2420, 153 L.Ed.2d at 545.

▮▮▮ In our view, the rationale and analysis of *Ring* and *Harris,* either separately or collectively, do not require a reexamination of *Allen. Ring* stands for the proposition that an enumerated aggravator that increases the maximum sentence must be charged, submitted to the finder of fact, and proved beyond a reasonable doubt. *Harris* holds that a factor normally considered in sentencing that increases a mandatory minimum sentence does not require a charge, submis-

sion to the finder of fact, and proof beyond a reasonable doubt.

Here, the trial court aggravated the sentence based on unenumerated and unspecified extraordinary aggravating circumstances frequently considered in sentencing decisions. The trial court considered the violence perpetrated by defendant on his sister and the unstable circumstances in which he placed the child to be aggravating circumstances justifying a sentence in the aggravated range for violation of custody. This type of aggravation was not addressed by either *Ring* or *Harris.*

## II.

██ Defendant contends that the sentencing court exceeded its jurisdiction when it imposed a three-year probation term for his misdemeanor conviction where the maximum term of incarceration for the offense was two years. This contention has not been preserved for review.

██ Issues not raised in a motion for postconviction relief will not be considered on appeal of the denial of that motion. *See DePineda v. Price,* 915 P.2d 1278 (Colo.1996)(refusing to consider jurisdictional claim that was not raised in the district court). Here, defendant did not attack the sentence for his misdemeanor conviction in either of his postconviction motions. Thus, we will not consider his assertion of error.

The orders are affirmed.

Judge MARQUEZ and Judge NIETO concur.