**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

**v.**

**Guadalupe SOLIS–MARTINEZ,**
**Defendant–Appellant.**

**No. 03CA1365.**

Colorado Court of Appeals,
Div. I.

Sept. 9, 2004.

Rehearing Denied Dec. 16, 2004.

Certiorari Granted Oct. 11, 2005.

---

**1.** Peace Officers Standards and Training Board, § 24–31–302, C.R.S. (2005).

Ken Salazar, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Guadalupe Solis–Martinez, appeals the sentence imposed following her guilty plea to criminally negligent child abuse. We vacate the sentence and remand the case for further proceedings.

In exchange for the dismissal of other charges, defendant pleaded guilty to criminally negligent child abuse resulting in serious bodily injury, a class four felony under § 18–6–401(1)(a), (7)(a)(IV), C.R.S.2003. The trial court sentenced her to sixteen years in the Department of Corrections (DOC), the maximum sentence in the aggravated range for the offense. *See* § 18–1.3–401(1)(a)(V)(A), (6) & (10)(a), (b)(X), C.R.S. 2003.

■ Defendant contends that her constitutional right to a jury trial was violated because the trial court, rather than a jury, determined that extraordinary aggravating factors justified a sentence in the aggravated range. We conclude that further proceedings are required.

Section 18–1.3–401(1)(a)(V)(A) sets forth six classes of felonies with corresponding presumptive ranges of sentences that are authorized upon conviction. Here, for defendant's conviction of a class four felony, the presumptive range of penalties is from two to six years in DOC. However, because the General Assembly has designated defendant's crime as presenting an extraordinary risk of harm to society, the maximum presumptive range sentence for the class four felony is increased by two years. Defendant is thus exposed to a maximum presumptive range sentence of eight years. *See* § 18–1.3–401(10)(a), (b)(X).

Section 18–1.3–401(6) provides that "the court shall impose a definite sentence which is within the presumptive ranges set forth in [§ 18–1.3–401(1)] unless it concludes that extraordinary mitigating or aggravating circumstances are present." If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence that is lesser or greater than the presumptive range, except that the sentence can be no greater than twice the maximum nor less than one-half the minimum in the presumptive range.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court struck down a New Jersey "hate crime" law that provided for an "extended term" of imprisonment if the trial court made a factual finding by a preponderance of the evidence. The Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a

crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455 (emphasis added).

*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was decided after the trial court imposed sentence here. In *Blakely,* the Supreme Court applied its decision in *Apprendi* to a Washington state sentencing scheme that allowed the trial court to impose a longer sentence than that authorized under the statutes based on the jury's verdict or the defendant's guilty plea. Under Washington law, the court could increase the authorized sentence based on its own findings of fact after a trial or a guilty plea. The Court concluded:

> Our precedents make clear ... that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Blakely v. Washington, supra,* 542 U.S. at 304, 124 S.Ct. at 2537 (citations omitted; quoting 1 J. Bishop, *Criminal Procedure* § 87, at 55 (2d ed. 1872); emphasis in original).

Therefore, under *Apprendi* and *Blakely,* the statutory maximum authorized by a jury verdict or a guilty plea is the maximum in the presumptive range for the class of felony, unless the defendant admits certain facts or other statutes are applicable that automatically increase the range of sentence for particular crimes. *See, e.g.,* § 18–1.3–401(10) (extraordinary risk of harm crimes); § 18–1.3–406, C.R.S.2003 (mandatory sentencing for crimes of violence); *People v. Terry,* 791 P.2d 374 (Colo.1990) (discussing crimes that

have been designated as per se crimes of violence). To the extent that *People v. Allen,* 78 P.3d 751 (Colo.App.2001), which was decided without the benefit of *Blakely,* holds otherwise, we decline to follow it.

■ Here, in imposing the sixteen-year sentence, the trial court relied on its findings that the child was in extreme pain for a long time, that defendant waited so long to take the child to the doctor, that she punished the child because of her circumstances, and that she had continually lied about the events leading to the child's injuries. The court further recorded its findings supporting the aggravated range sentence in a written supplement to its sentencing order that reflected in more detail the information that appeared in the presentence investigation report. However, under *Apprendi* and *Blakely,* a sentence beyond the relevant statutory maximum may be imposed only if a jury has determined the aggravating factors or the defendant has admitted them.

■ In so concluding, we disagree with the People's contention that defendant waived the right to a jury determination of the aggravating factors by pleading guilty to the charged offense. No aggravating factors were charged in the information, and defendant did not stipulate to any. She was not advised that she had a right to have a jury determine any aggravating factors. Therefore, her guilty plea cannot be interpreted as a waiver of her right to have a jury determine factors exposing her to greater punishment than otherwise authorized by the sentencing statute. *See Blakely v. Washington, supra,* 542 U.S. at 304–05, 124 S.Ct. at 2537–38 (observing that the Washington state judge could not have imposed an exceptional sentence solely on the basis of the facts admitted in the guilty plea because, to justify an exceptional sentence, the judge must take into account factors other than those used in computing the standard range sentence; citing *State v. Gore,* 143 Wash.2d 288, 21 P.3d 262 (2001)).

Accordingly, we conclude that defendant's sentence must be vacated and the case remanded to the trial court to reconsider the sentence in accordance with the principles

set forth in *Blakely v. Washington, supra.* In light of this conclusion, we need not address defendant's argument that the trial court abused its discretion in imposing the maximum aggravated range sentence.

The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge KAPELKE and Judge PLANK * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.