The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Adrian Enrique SANCHEZ, Defendant–Appellant.

No. 07CA2412.

Colorado Court of Appeals, Div. II.

June 24, 2010.

As Modified on Denial of Rehearing Aug. 19, 2010.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Noble Law Firm, LLC, Antony M. Noble, Lakewood, Colorado, for Defendant–Appellant.

Opinion by Judge FURMAN.

Defendant, Adrian Enrique Sanchez, appeals his conviction following a jury trial. The jury found him guilty of first degree murder after deliberation, two counts of attempted first degree murder after deliberation, first degree assault under the heat of passion, and second degree assault under the heat of passion. We affirm.

Testimony at trial revealed the following facts.

A group of about thirty people, including defendant, attended an overnight party at a campground. During the night, R.M. left his tent and noticed C.R. inside of his boss's Jeep and defendant standing outside the Jeep. R.M. approached the Jeep and saw C.R. holding a camera that belonged to R.M.'s boss. R.M. asked what C.R. and defendant were doing and told them to get out of the Jeep. R.M. was angry, pointed his finger at C.R. and defendant, and accused them of stealing. Defendant told R.M., "We're ready for this," and, "You don't want to do this."

Defendant stabbed R.M. in the chest with a folding knife, and then stabbed S.P. and D.C., two onlookers, as D.C. fought C.R. R.M. and D.C. survived, but S.P. died from his stab wound.

After the stabbings, defendant ran from the campground. The police later found him hiding in a trailer.

On appeal, defendant contends:

(1) the evidence of intent after deliberation supporting the first degree murder conviction and the two attempted first degree murder convictions was insufficient;

(2) the jury's verdicts for attempted first degree murder are inconsistent with its special findings that defendant committed first and second degree assault under the heat of passion;

(3) the jury's guilty verdicts for attempted first degree murder are inconsistent with its guilty verdicts for first and second degree assault; and

(4) the trial court erred in giving a flight instruction.

We address each contention in turn.

## I. Sufficient Evidence of Deliberation

We first consider whether the evidence of intent after deliberation supporting the first degree murder conviction and the two attempted first degree murder convictions was sufficient, and conclude that it was.

We review de novo the trial court's denial of a motion for judgment of acquittal alleging insufficient evidence. *Dempsey v. People,* 117 P.3d 800, 807 (Colo.2005). In doing so, we must determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Lehnert,* 163 P.3d 1111, 1115 (Colo.2007).

The first degree murder and attempted first degree murder charges required the prosecution to prove defendant deliberated before stabbing the victims. *See* §§ 18–2–101(1), 18–3–102(1)(a), C.R.S.2009. "The term 'after deliberation' means not only intentionally but also that the decision to commit the act has been made after the exercise of reflection and judgment concerning the act. An act committed after deliberation is

never one which has been committed in a hasty or impulsive manner." § 18–3–101(3), C.R.S.2009. The length of time required for deliberation, however, is not long. *People v. Bartowsheski,* 661 P.2d 235, 242 (Colo.1983).

"The element of deliberation, like intent, can rarely be proven other than through circumstantial or indirect evidence." *People v. Dist. Court,* 926 P.2d 567, 571 (Colo.1996). "Such evidence may include the use of a deadly weapon, the manner in which it was used, and the existence of hostility or jealousy between the accused and the victim." *People v. Dist. Court,* 779 P.2d 385, 388 (Colo.1989).

Viewed in the light most favorable to the prosecution, the circumstances surrounding the stabbings are sufficient to show defendant acted after exercising reflection and judgment. *Id.* First, the jury reasonably could have inferred defendant acted after exercising reflection because he unfolded the knife before the stabbings. Second, the jury also reasonably could have inferred defendant exercised judgment from the locations of the stabbings—R.M.'s chest; S.P.'s neck; and D.C.'s back—because of the degree of harm that may result from stabbing a person in those places. Finally, before the stabbings, defendant stated, "We're ready for this," and, "You don't want to do this." From these statements, the jury reasonably could have inferred that defendant consciously decided to stab the victims.

## II. Inconsistent Verdicts and Special Findings

We next consider whether the jury's verdicts for attempted first degree murder are inconsistent with its findings that defendant committed first and second degree assault under the heat of passion. We conclude there is an inconsistency, but that the inconsistency does not require reversal of any convictions.

Because defendant failed to object in the trial court that the verdicts were inconsistent, we review his contention only for plain error. *People v. O'Connell,* 134 P.3d 460, 463 (Colo.App.2005). Plain error is error that is both obvious and substantial, and

that affects a substantial right of a party. *Id.* at 464.

The jury received instructions for the charges of attempted first degree murder after deliberation and first degree assault based on defendant stabbing R.M. It received instructions for the charges of attempted first degree murder after deliberation and second degree assault based on defendant stabbing D.C. It returned guilty verdicts for all of those charges.

After the jury found defendant guilty of first and second degree assault, the instructions required it to answer the following question for each assault: "Has the prosecution proven beyond a reasonable doubt that the defendant was not acting upon a heat of passion?" On each assault instruction, the jury checked the space indicating, "No." The attempted murder instructions did not require the jury to consider whether defendant acted under the heat of passion.

Defendant contends the jury's verdicts finding him guilty of attempted murder after deliberation are inconsistent with its heat-of-passion findings because he could not have committed the same act both after deliberation and under the heat of passion. He further contends he is entitled to a new trial both for the attempted murder after deliberation charges and for the first and second degree assault charges because of that inconsistency.

In *United States v. Powell*, 469 U.S. 57, 66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), a case involving inconsistent guilty and not guilty verdicts based on the same conduct, the United States Supreme Court concluded that consistency among verdicts is unnecessary and convictions will stand in such cases. The Court relied primarily on two rationales: (1) the inconsistency may be the result of mistake, compromise, or lenity toward the defendant by the jury; and (2) double jeopardy precludes the government from appealing the acquittal. *Id.*

In *People v. Frye*, 898 P.2d 559, 570 (Colo. 1995), our supreme court relied on *Powell* in concluding that Colorado law does not generally require consistent verdicts. However, the *Frye* court noted that if a jury returned verdicts convicting a defendant of two or more crimes, and "the existence of an element of one of the crimes negates the existence of a necessary element of the other crime," "courts are generally uniform in their agreement that the verdicts are legally and logically inconsistent and should not be sustained." *Id.* at 569 n. 13.

The absence of heat of passion is not an element of first degree assault or second degree assault. *See* §§ 18–3–202(1), 18–3–203(1), C.R.S.2009. In other words, the statutory elements that the prosecution must prove for first or second degree assault do not include proof of the presence or absence of heat of passion. In *Rowe v. People*, 856 P.2d 486, 490 (Colo.1993), the court held that

> the heat of passion language was placed in subsection (2), which deals exclusively with sentencing for defendants convicted of first-degree assault. Moreover, there is nothing in the hearings on [the bill which added the language] that suggests that the General Assembly intended to create a new and separate offense.

> We conclude that by enacting section 18–3–202(2)(a) the General Assembly did not intend to create a new offense of first-degree assault committed under heat of passion, which contained the same elements as first-degree assault and an additional *element* of heat of passion.

(Emphasis in original; footnote omitted.) *See also People v. Howard*, 89 P.3d 441, 444 (Colo.App.2003) (second degree assault). The situation before us, therefore, does not fall within the exception noted in *Frye* that prohibits guilty verdicts for more than one crime where an element of one of those crimes negates an element of another. *See also Powell*, 469 U.S. at 69 n. 8, 105 S.Ct. 471.

█ Therefore, we conclude that although there is an inconsistency between the jury verdicts for attempted first degree murder and those for first and second degree assault under the heat of passion, the inconsistency does not require reversal because the existence or absence of heat of passion is not a necessary element of either assault charge. *See Frye*, 898 P.2d at 569 n. 13.

Defendant also contends *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires us to treat the absence of heat of passion as an element of first degree assault and second degree assault. *Apprendi,* however, holds only that (with certain exceptions) a fact increasing a defendant's sentence must be decided by a jury. 530 U.S. at 490, 120 S.Ct. 2348. Therefore, other divisions considering similar arguments have uniformly rejected them because, for example, a finding of provocation does not enhance a defendant's sentence, but mitigates it. *See People v. Villarreal,* 131 P.3d 1119, 1127 (Colo.App.2005); *Howard,* 89 P.3d at 445.

### III. Inconsistent Attempted Murder and Assault Verdicts

We next consider whether the jury's guilty verdicts for attempted first degree murder are inconsistent with its guilty verdicts for first and second degree assault, and conclude they are not. Defendant contends he could not have simultaneously intended to kill and intended to cause serious bodily injury or bodily injury.

Because defendant did not object to the verdicts as inconsistent, we review his contention only for plain error. *O'Connell,* 134 P.3d at 463.

Attempted first degree murder after deliberation requires proof that a defendant had the specific intent to cause the death of a person. § 18–3–102(1)(a). First degree assault requires proof that a defendant had the specific intent to cause serious bodily injury to a person. § 18–3–202(1)(a), C.R.S.2009. Second degree assault requires proof that a defendant had the specific intent to cause bodily injury to a person. § 18–3–203(1)(b), C.R.S.2009. Thus, each of the three crimes requires proof of a different specific intent.

We agree with the division in *People v. Gonzales,* 926 P.2d 153, 155 (Colo.App. 1996), which stated that "intent to cause serious bodily injury is not necessarily an intent to cause *only* serious bodily injury." (Emphasis in original.) This principle holds true for intent to cause bodily injury.

Therefore, we conclude the jury's guilty verdicts for attempted murder and first degree assault based on defendant stabbing R.M., and the jury's guilty verdicts for attempted murder and second degree assault based on defendant stabbing D.C., are not necessarily inconsistent because defendant could have possessed the intent to cause death, serious bodily harm, and bodily harm at the same time. *See People v. McDavis,* 97 A.D.2d 302, 469 N.Y.S.2d 508, 511 (N.Y.App. Div.1983)("One may harbor, at the same time, both an intent to cause serious physical injury and an intent to cause death.").

### IV. Flight Instruction

We last consider whether the trial court erred in giving a flight instruction, and conclude it did not.

The trial court instructed the jury:

If you find from the evidence beyond a reasonable doubt that the crime[s] charged in the Information were committed by some person, and that immediately after such crimes were committed the defendant fled, such flight would be a circumstance, not sufficient in itself to establish the guilt of the defendant, but a circumstance which you may consider, in connection with all the other facts and circumstances proven at the trial, in determining the question of guilt or innocence of the defendant. It is for you to determine from the evidence whether such flight was caused by a consciousness of guilt or by some other and innocent motive.

"The trial court has substantial discretion in formulating the jury instructions so long as they are correct statements of the law and fairly and adequately cover the issues presented." *People v. Garcia,* 169 P.3d 223, 230 (Colo.App.2007). Generally, a flight instruction is disfavored because it places undue influence on one piece of evidence. *People v. Larson,* 194 Colo. 338, 342, 572 P.2d 815, 817 (1977). Providing such an instruction, however, is not reversible error where (1) the defendant had reason to believe he committed a crime; (2) he had reason to believe his identity was known; (3) he had reason to believe his pursuit and apprehension were likely; and (4) he fled or con-

## 1265

cealed himself to frustrate his apprehension. *Id.*

█ The prosecution presented evidence that after the stabbings, defendant heard someone say 911 had been called, and he took off running. He then hid in a trailer. Because such evidence was sufficient to support a flight instruction, we conclude the trial court did not err in giving such an instruction.

Although defendant also contends a trial court should not provide a flight instruction where a defendant asserts self-defense, he cites no Colorado authority for that proposition. The authorities he cites from other jurisdictions do not express a blanket prohibition against flight instructions in self-defense cases, but conclude the evidence in those cases did not warrant such an instruction under the standards of those jurisdictions. *See Lefevre v. State*, 585 So.2d 457, 458 (Fla.Dist.Ct.App.1991) ("record must at the least indicate not only that the accused left the scene, but that the actions of the accused indicate intent to avoid detection or capture so as to be properly translated into consciousness of guilt"); *Banks v. State*, 631 So.2d 748, 751 (Miss.1994) ("The present case does not fall within either of the circumstances where a flight instruction would be appropriate or warranted. [The defendant's] flight was amply explained.").

The judgment is affirmed.

Judge CASEBOLT and Judge TERRY concur.