**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER S. VOGT,

      Petitioner-Appellant,

v.

JUANITA NOVAK, Warden;
COLORADO ATTORNEY
GENERAL,

      Respondents-Appellees.

No. 04-1264
(D.C. No. 03-WM-448 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **KELLY, McKAY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After pleading guilty in Colorado state court to second-degree murder and robbery and agreeing to a minimum forty-year sentence, Petitioner Christopher S. Vogt now contends that the forty-eight-year sentence he received is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Appearing pro se, he appeals from a final order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Because we conclude that the Colorado Court of Appeals did not unreasonably apply *Apprendi* to the facts of his case, we affirm.

## I. Background facts

Mr. Vogt's sentences were upheld on direct appeal. The Colorado Court of Appeals held that the sentences were within the range prescribed by law, and the Colorado Supreme Court denied certiorari. In his state post-conviction proceedings, Mr. Vogt raised a violation of *Apprendi* and two other bases for relief, but the state courts rejected his arguments. He re-urged the same three grounds in his federal habeas petition. The federal district court denied habeas relief and denied a certificate of appealability ("COA"). We granted COA on two issues: whether the district court erred in concluding that *Apprendi* applied to his petition and whether he is entitled to relief on his *Apprendi* claim.

## II. Standard of Review

Because Mr. Vogt filed his § 2254 habeas corpus petition after the date the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective, its provisions apply to this appeal. *See Smallwood v. Gibson,* 191 F.3d 1257, 1264 (10th Cir. 1999).

If a claim was adjudicated on the merits in state court, we review the state court ruling under the deferential standard of . . . AEDPA. Under AEDPA, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Hale v. Gibson,* 227 F.3d 1298, 1309 (10th Cir. 2000). In conducting this inquiry, we presume the factual findings of the state trial and appellate courts are correct, and we place on the petitioner the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin,* 327 F.3d 1001, 1007 (10th Cir. 2003). We review de novo the district court's legal analysis of the state court decision. *Valdez v. Ward,* 219 F.3d 1222, 1230 (10th Cir. 2000).

In applying 28 U.S.C. § 2254(d), we first ask whether the principle of federal law invoked by the petitioner was clearly established by the Supreme Court at the time of the state court judgment. *Id.* at 1229. If so, we ask whether the state court decision was contrary to or involved an unreasonable application of that clearly established federal law. *Id.* A decision is "contrary to" federal law "if the state court applied a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone,* 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed.2d 914 (2002). A state court decision involves an "unreasonable application" of federal law "if the state

-3-

court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.*

*Turrentine v. Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2544 (2005). Here, the Colorado Court of Appeals correctly identified the governing legal principle from *Apprendi*, so we must determine whether its application to the facts was objectively unreasonable. *Mitchell v. Gibson*, 262 F.3d 1036, 1045 (10th Cir. 2001).

### III. Analysis

1. ***Apprendi* applies.** *Apprendi* was decided after the Colorado Court of Appeals denied Mr. Vogt's direct appeal, but before Mr. Vogt's petition for a writ of certiorari from the Colorado Supreme Court was denied. Thus, appellee concedes that *Apprendi* does apply to Mr. Vogt's habeas petition because his conviction was not final at the time *Apprendi* was decided. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (noting that "[a] state conviction and sentence become final . . . when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"); *Allen v. Reed*, No. 03-1185, 2005 WL 2697246, at *2 (10th Cir. Oct. 21, 2005) (accord). We turn to the second issue on which COA was granted: whether *Apprendi* requires habeas relief.

**2. Second-degree murder sentence.** *Apprendi* requires that, even when a defendant pleads guilty to a crime, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In deciding the question of what findings are required by a jury, "the relevant inquiry is one not of form, but of effect–does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494. Mr. Vogt contends that his murder sentence violates *Apprendi* because the trial court imposed it after noting that he had committed a "crime of violence," a fact, he claims, to which he did not plead guilty. He argues that his sentence therefore exceeds the maximum "presumptive range" provided by a verdict based on his plea.

But, as the Colorado Court of Appeals and the federal district court both noted, second-degree murder is statutorily defined in Colorado as a "per se" crime of violence that requires no additional fact-finding for imposition of a mandatory sentence of at least the midpoint, but no more than twice, the maximum presumptive range. *See* R. Doc. 20 at 6; *id.* Doc. 15 at 13 (relying on *Terry v. People*, 977 P.2d 145 (Colo. 1999), and *People v. Terry*, 791 P.2d 374 (Colo. 1990)). Thus, when Mr. Vogt pleaded guilty to second-degree murder, he also implicitly admitted that it was a crime of violence and he received a sentence to

-5-

which he was exposed by the murder conviction. *See Terry,* 791 P.2d at 378 (determining that Colorado's sentencing scheme, which mandates application of increased sentences for certain enumerated crimes, operated "not as a sentence-enhancing statute but as a presumptive penalty statute."). Under these circumstances, the state courts' application of *Apprendi* was neither incorrect nor objectively unreasonable.

**3. Robbery sentence.** As the federal district court pointed out, the analysis is somewhat different for Mr. Vogt's robbery sentence, a class four felony that is not statutorily defined as a per se crime of violence. *See* R. Doc. 20 at 7. The presumptive statutory range for robbery is two to six years, but the court may impose an aggravated, or enhanced, sentence that does not exceed twelve years if the court "'concludes that extraordinary . . . aggravating circumstances are present.'" *Id.* (quoting Colo. Rev. Stat. § 18-1-105(6) (1999)). The state trial court sentenced Mr. Vogt to the maximum aggravated sentence, to be served concurrently with his murder sentence. Citing *People v. Allen*, 78 P.3d 751 (Colo. Ct. App. 2001), the Colorado Court of Appeals held that *Apprendi* principles were not offended. R. Doc. 3, att. 5 at 2.

The Colorado Court of Appeals distinguished *Apprendi* in *Allen*. In doing so, it apparently relied on *Apprendi's* statement that it is permissible "for judges to exercise discretion – taking into consideration various factors relating both to

offense and offender – in imposing a judgment *within the range* prescribed by statute." *Apprendi*, 530 U.S. at 481. The *Allen* court observed, *"Apprendi* does not require the invalidation of the sentencing scheme adopted by the General Assembly, which creates a presumptive sentence range and permits the trial court, in its discretion to sentence in aggravated or mitigated ranges based on unspecified extraordinary aggravating or mitigating factors or circumstances particularized to the defendant or the offense." *Allen*, 78 P.3d at 755. The *Allen* court thus interpreted the words "prescribed statutory maximum" in *Apprendi* to include the maximum aggravated range associated with the offense of conviction.

We recently determined whether *Allen's* holding was an unreasonable application of *Apprendi*, and we held that it was not, at the time *Allen* was written. *Allen v. Reed*, 2005 WL 2697246, at *7. We stated:

> It was not until the decision in *Blakely* that the Supreme Court clarified the meaning of statutory maximum for *Apprendi* purposes. *Blakely* [*v. Washington*, 542 U.S. 296], 124 S. Ct. at 2531 [(2004)]. Prior to the issuance of *Blakely*, the federal circuits unanimously believed that the "statutory maximum" was the greatest sentence permitted by *the statute of conviction*, irrespective of what fact-finding the court conducted to impose that sentence[.]
> . . .
> Indeed, "at the time [Mr. Allen's] convictions became final, after *Apprendi* but before *Blakely*, a court would not have felt compelled to conclude *Blakely's* rule was constitutionally required."

*Id.* (quoting *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005), *petition for cert. filed*, (U.S. May 31, 2005 (No. 04-10694)). Because no material facts

distinguish the case at bar from our *Allen* opinion, we are bound by our published precedent. We therefore conclude that the state court's application of *Apprendi* to the robbery sentence in Mr. Vogt's case was likewise not unreasonable.

Mr. Vogt's motion to proceed *in forma pauperis* is granted.

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court


Michael W. McConnell
Circuit Judge