FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENETH CIRCUIT

---

FRANK A. LYNCH,

      Petitioner-Appellant,

v.

HOYT BRILL, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 07-1158

(D.C. No. 06-cv-1294-DME-MEH)
(D. Colorado)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Frank Lynch, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 petition for federal habeas relief.  Because Lynch has failed to satisfy the standards

for the issuance of a COA, we deny his request and dismiss the matter.

I.

On March 1, 2004, Lynch pled guilty in the District Court of El Paso County,

Colorado, to one count of aggravated robbery, in violation of Colo. Rev. Stat. § 18-4-

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

302(1)(b), and was sentenced, in accordance with a stipulation in his plea agreement, to a twenty-year term of imprisonment. Lynch did not file a direct appeal.

On August 11, 2004, Lynch filed a motion with the state trial court seeking post-conviction relief pursuant to Colo. R. Crim. P. 35(c). In that motion, Lynch argued that his sentence was unconstitutional in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), because the state trial court relied on facts not pleaded or proved to a jury. The state trial court denied Lynch's motion, noting that Lynch had been advised that he could receive, and in fact had stipulated to, an aggravated sentence. The Colorado Court of Appeals (CCA) affirmed that ruling in an unpublished order issued on February 2, 2006. State v. Lynch, No. 04CA2274 (Colo. Ct. App. Feb. 2, 2006). In doing so, the CCA concluded that Blakely and Apprendi were inapplicable to Lynch's case, or at least not violated, because (a) he pled guilty to a crime that is considered under Colorado law to be both a "per se" crime of violence and an "extraordinary risk offense," (b) that plea gave rise to a statutory sentencing range of ten to thirty-two years, (c) any sentence within that range was permissible based upon the conviction alone, and (d) Lynch's sentence was, indeed, within that range. Although Lynch filed a petition for writ of certiorari with the Colorado Supreme Court, that court denied review on May 22, 2006.

On July 5, 2006, Lynch filed a federal habeas petition pursuant to 28 U.S.C. § 2254, asserting the same arguments as contained in his motion for post-conviction relief in state court. On January 31, 2007, the magistrate judge assigned to the case issued a

2

report recommending that Lynch's petition be dismissed.  In doing so, the magistrate judge concluded that Blakely was inapplicable because it was issued after Lynch's conviction and sentence became final.  The magistrate judge further concluded that there was no violation of Apprendi because Lynch "received a sentence to which he was exposed [solely] by the charge to which he pled guilty, i.e., aggravated robbery . . . ." ROA, Vol. I, Doc. 15 at 8 (footnote omitted).  Thus, the magistrate judge concluded, the CCA's decision "was neither incorrect or objectively unreasonable."  Id. at 9.  On January 31, 2007, the district court adopted the magistrate judge's recommendation and dismissed Lynch's petition.  The district court subsequently denied Lynch a COA.

Lynch has now renewed his request for a COA with this court.  Lynch has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks

3

omitted).

Here, the magistrate judge carefully and thoroughly analyzed Lynch's claim before recommending that his petition be denied. In doing so, the magistrate judge began by correctly outlining the standards governing federal habeas petitions. The magistrate judge then addressed Lynch's claim on the merits and concluded that the CCA's decision was neither contrary to, nor an unreasonable application of, Blakely or Apprendi. After conducting our own review of Lynch's application for a COA, his appellate brief, and the record on appeal, we conclude that the magistrate judge's conclusions, which were adopted in full by the district court, are beyond dispute. In particular, it is clear from the record that Lynch's guilty plea was sufficient, standing alone, to justify the sentence imposed on him, and that there was no additional, and potentially unconstitutional, factual finding conducted by the state trial court in imposing sentence. Indeed, as previously noted, Lynch actually stipulated to the sentence imposed as part of his plea agreement. Thus, we conclude that no reasonable jurist "could debate whether (or, for that matter, agree that)" Lynch's Blakely and Apprendi-based claim "should have been resolved in a different manner or" was "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted); see Vogt v. Novak, 153 Fed. Appx. 474, 477 (10th Cir. 2005) (affirming denial of federal habeas relief to Colorado state prisoner under similar circumstances).

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge