The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Joseph A. ELLSWORTH, Defendant–Appellant.

No. 97CA0882.

Colorado Court of Appeals,
Div. II.

July 6, 2000.

Certiorari Denied Jan. 16, 2001*.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

* Justice BENDER would grant as to the following issue.

Ken Salazar, Attorney General, Eric Field, John J. Krause, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Roan, Shann Jeffrey, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Joseph A. Ellsworth, appeals a judgment of conviction entered upon a jury verdict finding him guilty of first degree perjury, forgery, and tampering with evidence. We affirm.

While off-duty and driving in Denver, defendant, a Denver police officer, threatened another driver. The other driver, while talking to the police on his cellular telephone, followed defendant to a gas station in Arapahoe County, where defendant purchased gasoline. The other driver then continued to follow defendant until losing track of him in an apartment complex.

An Arapahoe County deputy sheriff stopped defendant nearby and arrested him for suspicion of driving under the influence of alcohol (DUI). Defendant refused to take a test to measure his blood alcohol content, and his driver's license was therefore subject to automatic revocation.

At the revocation hearing, defendant, among other defenses, attacked the credibility of the other driver and the deputy sheriff, and the jurisdiction of the Arapahoe County sheriff, by presenting a receipt, later shown to be falsified, indicating that he had purchased gasoline at a different station located in Denver. Finding defendant's testimony to be credible, the hearing officer reinstated defendant's license.

Upon discovery of the falsification of the gasoline receipt, defendant was charged and convicted of the offenses at issue here.

### I.

Defendant contends that the trial court erred by admitting evidence of his demeanor, behavior, and use of profanity during and after his arrest, asserting that the testimony was irrelevant and unfairly prejudicial. We disagree.

Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without the evidence. However, relevant evidence must nevertheless be excluded if its probative value is significantly outweighed by its unfairly prejudicial effect. *People v. Scarlett,* 985 P.2d 36 (Colo.App.1998).

Evidence is unfairly prejudicial only if it has a tendency to suggest a verdict on an improper basis, such as bias, shock, anger, or sympathy. *People v. Nuanez,* 973 P.2d 1260 (Colo.1999).

We will not overturn a trial court's decision to admit or exclude evidence unless, in so doing, it abused its discretion. In this context, a trial court abuses its discretion only if its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Dunlap,* 975 P.2d 723 (Colo.1999).

We have reviewed the testimony that defendant objects to and perceive no abuse of discretion in its admission. Four witnesses testified as to defendant's demeanor, behavior, and use of profanity during and after his arrest. None of the testimony was protracted, and only one of the witnesses repeated any of the profanity used by defendant. All four witnesses briefly characterized defendant as belligerent and verbally abusive towards the arresting and investigating officers. Under the circumstances, we conclude that the evidence was relevant to show, among other things, defendant's motivation for later producing the falsified receipt.

At the revocation hearing, to regain his driver's license, defendant was required to show that the deputy lacked a reasonable basis for demanding that he submit to a blood alcohol test. The evidence of defendant's belligerence and profanity was properly admitted at the revocation hearing as evidence of his intoxication. It was therefore relevant in defendant's perjury trial to establish that his motive for producing the falsified receipt and testimony at the revocation hearing might have been to overcome the evidence of his intoxication.

Neither are we persuaded that the evidence was unfairly prejudicial, for it did not invite the jury to reach a verdict on an improper basis. Thus, the trial court did not abuse its discretion in allowing the testimony.

### II.

Defendant contends that the trial court erred by admitting evidence of similar bad conduct by defendant on a subsequent occasion. We disagree.

The charges at issue here arose from defendant's use of the falsified receipt at the driver's license revocation hearing. One month later, at a venue hearing conducted in the Arapahoe County DUI prosecution of defendant, he again introduced the same receipt in his attempt to demonstrate that venue was improper in that county. At trial, evidence of this latter incident was proffered by the prosecution.

CRE 404(b) provides, in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ When a party seeks to admit evidence of other wrongful acts, the trial court must determine that: (1) the evidence is material; (2) the evidence is logically relevant; (3) the relevance of the evidence is independent of the inference that defendant has a bad character and committed the charged offense in conformity with that character; and (4) the probative value of the evidence is not substantially outweighed by any unfairly prejudicial effect. *People v. Spoto,* 795 P.2d 1314 (Colo.1990).

■ Here, the trial court found, at a motions hearing, that the evidence the prosecution sought to admit was being offered to prove defendant's motive and culpable mental state. We agree that it was material and relevant for those purposes.

■ The trial court further found that the evidence was not unfairly prejudicial. Again, we agree with the trial court that this evidence did not suggest to the jury that it reach a verdict on an improper basis. *See People v. Nuanez, supra.* Furthermore, because the jury was properly instructed that the evidence related to a hearing different from the one at issue, and that it could consider the evidence only as it related to defendant's motive and culpable mental state, we presume the jury followed those instructions in the absence of anything in the record to suggest otherwise. *People v. Shepard,* 989 P.2d 183 (Colo.App.1999).

Accordingly, we perceive no abuse of discretion in the trial court's decision to admit this evidence.

## III.

Defendant contends that the trial court erred when it denied his motion for acquittal on the count of perjury because the "two-witness rule" was not satisfied. We disagree.

■ In a prosecution for perjury, the "falsity of [the defendant's] statement may not be established solely through contradiction by the uncorroborated testimony of a single witness." Section 18–8–506, C.R.S.1999. This statute codifies the common law "two-witness rule," which generally requires that the falsity of the defendant's stat _nent be established by two or more witnesses, or by one witness and "other independent corroborative evidence which is of equal weight to the testimony of another witness." *People v. Fueston,* 749 P.2d 952, 955–56 (Colo.1988).

■ The false statement defendant was accused of making at the license revocation proceeding was that he had purchased gasoline at a particular station in Denver during the incident at issue, and was given a receipt for that purchase. At trial, the driver who reported defendant's threats and followed him to a different station contradicted the statement. In addition, the manager of the station testified to the following: that no one had purchased gasoline around the time defendant said he was at the station; that she generated the receipt more than a month later on defendant's assertion that he had purchased gasoline on the date in question; that the serial number on the receipt confirmed that it was issued approximately one month after the purported sale; that she was not working at the time defendant claimed to have purchased gasoline but that her initials were on the receipt; and that the price per gallon shown on the receipt was not a valid price for any grade of gasoline on the date in question.

Defendant argues that the station manager's testimony does not contradict his statement that he purchased gasoline there, but rather goes to establishing the fabrication of the receipt. However, her testimony that no gasoline purchase was made at the time defendant claimed to have done so is plainly inconsistent with his statement, regardless of the receipt.

Furthermore, because defendant relied upon the receipt as corroboration of his testimony, we conclude that the prosecution's attack on the validity of the receipt is also

evidence contradicting his statement for purposes of § 18–8–506, C.R.S.1999. *See People v. Losinski,* 710 P.2d 1163 (Colo.App.1985); *see also People v. Fueston, supra* (statement can be contradicted by documents produced by the defendant).

Therefore, the record demonstrates that two witnesses independently established that defendant's statement was false, and we perceive no error in the trial court's denial of the motion for acquittal on this basis.

## IV.

Defendant contends that the trial court erred when it declined to give the jury his proposed instruction embodying the "two-witness" rule. We disagree.

The trial court must accurately instruct the jury on the law relevant to every issue presented, but it must not give the jury an instruction which misstates the law or which unduly emphasizes some part of the evidence. An instruction that is framed in the language of the statute proscribing the unlawful conduct is generally sufficient. *People v. Mandez,* 997 P.2d 1254 (Colo.App. 1999).

The two-witness rule is not generally regarded as an element of the crime of perjury on which the jury must be instructed. *See COLJI–Crim.* No. 29:01 (1983) (including notes preceding the pattern instruction).

Here, defendant argued unsuccessfully in the trial court that the jury should have been given the following instruction on the "two-witness" rule:

> With respect to the charge of perjury, you are instructed that the falsity of a statement may not be established solely through [contradiction] by the uncorroborated testimony of a single witness.

Defendant asserts, and we agree, that the question of whether the statement he made at the revocation proceeding was false is one of fact for the jury to determine. However, we conclude that compliance with the "two-witness" rule is a threshold question of law to be decided by the trial court upon a motion for acquittal or for a directed verdict, or by an appellate court upon review for sufficiency of the evidence as in Part III of this opinion. *See People v. Mandez, supra* (similar argument relating to the fingerprint evidence rule); *cf. People v. Mazza,* 182 Colo. 166, 511 P.2d 885 (1973) (a legally correct "two-witness rule" instruction was given, but the question of whether it was required was not raised).

Once the trial court has determined that sufficient evidence has been presented under the rule, it is for the jury to determine if the prosecution has proved the statement false beyond a reasonable doubt. Accordingly, we perceive no error in the trial court's decision not to give the proffered instruction to the jury.

## V.

Defendant further contends that the trial court erred when it denied his motion for acquittal because his false testimony was not material as a matter of law. We disagree.

Section 18–8–502(1), C.R.S.1999, provides in pertinent part that a person commits the offense of first degree perjury when:

> in any official proceeding he knowingly makes a materially false statement, which he does not believe to be true . . . .

Defendant here relies primarily on the nature of the license revocation proceeding to argue that it was immaterial at which gas station he stopped. We are not persuaded.

A statement is "materially false" if it "could have affected the course or outcome of an official proceeding, or the action or decision of a public servant, or the performance of a governmental function." Section 18–8–501(1), C.R.S.1999; *People v. Drake,* 841 P.2d 364 (Colo.App.1992). To be material, the false statement must relate to some proper matter of inquiry in the proceeding, including the credibility of a witness. *United States v. Sablosky,* 810 F.2d 167 (8th Cir.1987).

Here, the hearing officer who presided over the revocation proceedings testified that, had he known defendant's statement was false and that the receipt had been falsified, he would have revoked defendant's license rather than dismissing the case. The hearing officer stated that he

relied significantly on defendant's false statement, and on the falsified receipt supporting that statement, to conclude that his testimony was more credible than that of the deputy sheriff and the reports of the other driver. Accordingly, the record adequately supports a conclusion by a reasonable juror that defendant's false statement, and the falsified receipt supporting it, did in fact affect the outcome of an official proceeding and was material to defendant's credibility, and we perceive no error in the trial court's ruling.

The judgment is affirmed.

Judge TAUBMAN and Judge NIETO concur.