The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dagoberto AGUILAR–RAMOS,
Defendant–Appellant.

No. 08CA1392.

Colorado Court of Appeals,
Div. IV.

Oct. 15, 2009.

Rehearing Denied Nov. 25, 2009.

John W. Suthers, Attorney General, Catherine P. Adkisson, Assistant Solicitor General, Denver, Colorado, for Plaintiff–Appellee.

Dagoberto Aguilar–Ramos, Pro Se.

Opinion by Judge ROMÁN.

Defendant, Dagoberto Aguilar–Ramos, appeals the trial court's order summarily denying his postconviction motion challenging the constitutionality of his conviction and sentence for second degree kidnapping as a class two felony, and alleging ineffective assistance of counsel for failing to raise that constitutional issue at trial. Because we perceive no

constitutional violation with respect to defendant's conviction and sentence, his related claim of ineffective assistance of counsel likewise fails. Thus, we affirm the court's order, and remand for correction of the mittimus.

Defendant and two other men forced the victim into a van, where she was sexually assaulted multiple times before they released her. Following a jury trial, defendant was convicted of second degree kidnapping, but acquitted of the sexual assault. However, the jury also found that the victim had been sexually assaulted, which elevated the felony classification of defendant's kidnapping conviction from a class four to a class two. The trial court sentenced defendant to twenty-four years in the custody of the Department of Corrections. A division of this court affirmed his conviction on direct appeal. *People v. Aguilar–Ramos*, 2007 WL 2874443 (Colo.App. No. 06CA0183, Oct. 4, 2007) (not published pursuant to C.A.R. 35(f)).

Defendant then filed a pro se Crim. P. 35(c) motion alleging that his conviction of a class two felony based on a crime of which he was acquitted violated his rights to (1) be free from double jeopardy, (2) have a jury determine aggravating factors as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and (3) have the jury properly instructed. Defendant also alleged that his trial counsel provided ineffective assistance because he did not challenge the enhanced sentencing. The court summarily denied the motion, and this appeal followed.

As a threshold matter, we note that the trial court failed to set forth findings of fact and conclusions of law when it denied defendant's motion as required by Crim. P. 35(c)(3), which is error. However, when the only issues raised by a motion concern construction of statutes or when the motion may be denied as a matter of law, such failure is harmless error and does not require reversal. Crim. P. 35(c)(3); *People v. Mayes*, 981 P.2d 1106, 1107 (Colo.App.1999); *People v. Hartkemeyer*, 843 P.2d 92, 93 (Colo.App.1992).

As more fully set forth below, we conclude that defendant's motion was properly denied as a matter of law. Accordingly, we further conclude that any inadequacy in the trial court's factual findings and legal conclusions was harmless.

## I. Double Jeopardy

Defendant contends that because he was acquitted of the sexual assault charge, enhancement of his kidnapping conviction from a class four to a class two felony based on the sexual assault violates double jeopardy. We disagree.

Under the double jeopardy clauses of both the United States and Colorado Constitutions, the state may not punish a person twice for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18. This protection guarantees that the accused will not be subject to multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. *People v. Leske*, 957 P.2d 1030, 1035 n. 6 (Colo.1998). However, the double jeopardy clauses do not prevent the legislature from specifying multiple punishments based on the same criminal conduct. *See Patton v. People*, 35 P.3d 124, 129 (Colo.2001); *Leske*, 957 P.2d at 1035.

Statutory interpretation is a question of law that we review de novo. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). We construe statutes so as to give effect to the General Assembly's intent and adopt the statutory construction that best effectuates the purposes of the legislative scheme. *Spahmer v. Gullette*, 113 P.3d 158, 162 (Colo. 2005); *People v. Dist. Court*, 713 P.2d 918, 921 (Colo.1986).

To discern the legislative intent, we first look at the language of the statute and give statutory words and phrases their plain and ordinary meaning. *Spahmer*, 113 P.3d at 162. If the language is unambiguous and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *Id.*

"Any person who knowingly seizes and carries any person from one place to another, without his consent and without law-

ful justification, commits second degree kidnapping." § 18–3–302(1), C.R.S.2009. Second degree kidnapping is a class four felony unless enhanced, for a number of enumerated reasons, to a class two or three felony. *See* § 18–3–302(3)–(5), C.R.S.2009. As pertinent here, second degree kidnapping is a class two felony when "[t]he person kidnapped is a victim of a sexual offense." § 18–3–302(3)(a), C.R.S.2009. A finding that the person kidnapped was a victim of a sexual offense is a sentence enhancer for the kidnapping conviction, not a lesser included offense of the kidnapping count. *See People v. Henderson*, 810 P.2d 1058, 1061–63 (Colo. 1991); *People v. Baker*, 178 P.3d 1225, 1234 (Colo.App.2007).

We note that the plain language of the statute specifically requires only that the person kidnapped be a victim of sexual assault, not that the kidnapper have perpetrated that crime. *See* § 18–3–302(3)(a). Therefore, we conclude the legislature sought to punish more severely any person who participated in the kidnapping when the person kidnapped was also sexually assaulted during the kidnapping. Thus, contrary to defendant's argument, he is not being punished for the crime of which he was acquitted. Rather, he is being punished for the kidnapping, and such punishment is enhanced because the victim of the kidnapping suffered some additional harm during the kidnapping. *Cf. People v. Renaud*, 942 P.2d 1253, 1256 (Colo. App.1996) (the purpose of the felony murder statute is to hold a participant in the predicate felony accountable for a nonparticipant's death, even if unintended, as long as the death is caused by an act committed in the course or furtherance of the felony or the immediate flight therefrom).

Moreover, even if the verdicts can be considered inconsistent, we reject defendant's argument that he was punished for an offense of which he was acquitted in violation of double jeopardy principles. *See People v. Frye*, 898 P.2d 559, 569 (Colo.1995) (subject to an exception not applicable here, inconsistent verdicts of guilt and acquittal do not provide a criminal defendant with a basis for relief).

Defendant's reliance on *People v. Powell*, 716 P.2d 1096 (Colo.1986), and *Baker*, 178 P.3d 1225, is misplaced. *Powell* held that convictions for sexual assault and second degree kidnapping did not violate double jeopardy and that the sexual assault enhancement factor must be proved beyond a reasonable doubt. In *Baker*, the defendant was convicted of first degree assault, second degree kidnapping, and five counts of sexual assault. A division of this court held that sexual assault is not a lesser included offense of second degree kidnapping and that insufficient evidence was presented as to an aggravator for one of the sexual assault convictions. However, unlike this case, neither case involved a challenge to the use of the sexual assault aggravator for kidnapping when the defendant was acquitted of the sexual assault.

## II. Jury Instruction

Defendant next contends that the jury instruction for the kidnapping charge was constitutionally deficient because it did not require the jury to find that he committed the sexual assault. Again, we disagree.

As pertinent here, the special interrogatory submitted on this issue asked the jury: "Was the person who was kidnapped also a victim of a sexual assault?" In defining that question, the interrogatory stated that "the person who was kidnapped was also a victim of sexual assault if the defendant or another" sexually assaulted the kidnapped person, and then listed the statutory elements of sexual assault.

As discussed above, the enhancement provision in the second degree kidnapping statute requires only that the person kidnapped also be a victim of sexual assault, not that the defendant have perpetrated the sexual assault. *See* § 18–3–302(3)(a). Accordingly, because the instruction tracked the language of the statute, the jury was properly instructed. *See People v. O'Connell*, 134 P.3d 460, 465 (Colo.App.2005) (jury instructions framed in the language of the statute are generally sufficient).

### III. *Blakely* and *Apprendi*

Defendant next contends that his constitutional right to have a jury determine the facts used to aggravate his sentence, as discussed in *Blakely* and *Apprendi*, was violated because the jury did not find that he committed the sexual assault which was used to enhance his sentence. We perceive no constitutional violation.

Because the rule announced in *Blakely* and *Apprendi* only applies when an offender receives a sentence outside the presumptive range, and defendant's twenty-four-year sentence was within the presumptive range for the class two felony of which the jury convicted him, *Blakely* and *Apprendi* are not implicated. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2009 (presumptive sentencing range for a class two felony is eight to twenty-four years); *see also Lopez v. People*, 113 P.3d 713, 716 (Colo.2005); *O'Connell*, 134 P.3d at 466.

### IV. Ineffective Assistance of Counsel

Because we have concluded that defendant's conviction for second degree kidnapping as a class two felony and subsequent sentence are not unconstitutional, it necessarily follows that defendant was not prejudiced by trial counsel's failure to challenge the sentencing as a class two felony. Thus, his ineffective assistance of trial counsel claim also fails. *See Ardolino v. People*, 69 P.3d 73, 77 (Colo.2003) (denial of the motion without a hearing is justified if the existing record establishes that the defendant's allegations, even if proved true, would fail to establish either deficient representation or prejudice); *People v. Karpierz*, 165 P.3d 753, 759 (Colo.App.2006) (to prove prejudice, a defendant must show a reasonable probability that, but for counsel's ineffective assistance, the result of the proceeding would have been different). Accordingly, the court did not err in summarily denying defendant's motion without holding a hearing or appointing counsel. *See People v. Kendrick*, 143 P.3d 1175, 1177 (Colo.App.2006).

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Last, we note that the mittimus incorrectly includes a reference to a sentence enhancement for sexual assault by multiple perpetrators, under section 18–3–402(5)(a)(I), C.R.S. 2009. Because that statute refers only to the enhancement of a conviction for sexual assault, and defendant was not convicted of sexual assault, we conclude the case must be remanded to the trial court to remove that reference from the mittimus.

The order is affirmed, and the case remanded for further proceedings as directed.

WEBB and RULAND *, JJ., concur.

