**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAGOBERTO AGUILAR-RAMOS,

     Petitioner - Appellant,

v.

ANGEL MEDINA, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents - Appellees.

No. 11-1136
(D.C. No. 1:10-CV-00505-CMA)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Dagoberto Aguilar-Ramos, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

denial of his application for a writ of habeas corpus. See 28 U.S.C. §§ 2253,

2254. For this court to issue a COA on a habeas claim denied on the merits, Mr.

Aguilar-Ramos must make a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To make this showing he must demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Aguilar-Ramos was convicted in Colorado state court of second degree

kidnapping following a jury trial. The jury acquitted him on a charge of sexual assault; however the jury found by special interrogatory that the victim had been sexually assaulted during the kidnapping. This finding elevated the felony classification of the kidnapping conviction from class four to class two. The trial court sentenced Mr. Aguilar-Ramos to a term of twenty-four years, within the presumptive range for class-two felonies. See Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A). His conviction was affirmed on direct appeal. People v. Aguilar-Ramos, No. 06CA0183 (Colo. App. Oct. 4, 2007) (unpublished). He then filed a Rule 35(c) motion, Colo. R. Crim. P., which was denied by the trial court and affirmed by the court of appeals. See People v. Aguilar-Ramos, 224 P.3d 402 (Colo. App. 2009).

Mr. Aguilar-Ramos asserts that the trial court's sentence was above the presumptive range for conduct for which he was acquitted and violated his Sixth Amendment right to trial under Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Double Jeopardy Clause. Under Colorado law, however, the felony classification of a second degree kidnapping conviction is elevated from class four to class two if the person kidnapped "is a victim of a sexual offense," without regard to whether the kidnapper was also the perpetrator of the sexual assault. Colo. Rev. Stat. §§ 18-3-302(3)(a), 18-3-302(5); see Aguilar-Ramos, 224 P.3d at 404. Of course, a federal court is bound by the state court's interpretation of the second-degree kidnapping statute. See Missouri v. Hunter, 459 U.S. 359,

368-69 (1983).  Applying the deference to the state court as required by 28 U.S.C. § 2254(d), the district court's conclusion that Mr. Aguilar-Ramos was punished only for the crime for which he was convicted was not reasonably debatable.  Nor was its conclusion that because Mr. Aguilar-Ramos's sentence was within the presumptive range, Apprendi was inapplicable.  See Apprendi, 530 U.S. at 474.  The district court properly deferred to the state court's resolution of these issues.  See Aguilar-Ramos v. Medina, 2011 WL 883055, at *6 (D. Colo. Mar. 14, 2011).

Accordingly, we DENY Mr. Aguilar-Ramos's request for a COA, DENY IFP status, and DISMISS the appeal.  Mr. Aguilar-Ramos shall pay any outstanding balance of the appellate filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge