The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Luis ALVARADO, Defendant–Appellant.

No. 07CA1507.

Colorado Court of Appeals, Div. I.

Aug. 18, 2011.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TERRY.

Defendant, Luis Alvarado, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts each of second degree kidnapping, aggravated robbery with an armed confederate, and aggravated robbery by use of force, threats, or intimidation. He appeals his convictions of one count each of first degree burglary, theft of $15,000 or more, menacing, and conspiracy to commit aggravated robbery, in connection with the same incident. He also appeals the sentences imposed for these crimes. We affirm.

## I.  Background

Defendant and several other men robbed a pawn shop. Some of the men broke the shop's merchandise cases, stealing the contents. Two men pointed guns at the shop's manager and assistant manager and demanded the keys to the shop's jewelry safes. Defendant and another man directed the managers to a room in the back of the shop, laid them on the floor, and held them there as the other men opened the safes and stole the items inside. The value of the stolen items exceeded $170,000.

## II.  Jury Question

Defendant contends the trial court erred in giving a supplemental instruction in response to a jury question about complicity. We disagree.

### A.  Standard of Review

■■■■ "The trial court must properly instruct the jury on all matters of law." *People v. Riley,* 240 P.3d 334, 337 (Colo.App. 2009) (*cert. granted* Aug. 16, 2010). There is no reversible error if the jury instructions, when reviewed as a whole, adequately inform the jury of the law. *Id.* Jury instructions that conform to relevant statutes are generally sufficient and proper. *Id.* It is within the trial court's sound discretion to determine whether to provide the jury with additional written instructions in response to a jury question. *People v. Bass,* 155 P.3d 547, 552 (Colo.App.2006).

### B.  Application

Under Colorado's complicity statute, a defendant may be liable for a crime committed by another person if, "with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense." § 18–1–603, C.R.S. 2010.

Our supreme court has interpreted this statute to require a dual mental state: (1) the complicitor must have the culpable mental state required for the underlying crime committed by the principal, and (2) the complicitor must assist or encourage the commission of the crime with the intent to promote or facilitate it. *Grissom v. People,* 115 P.3d 1280, 1284–85 (Colo.2005); *Bogdanov v. People,* 941 P.2d 247, 250 (Colo.), *amended,* 955

P.2d 997 (Colo.1997), *disapproved of on other grounds by Griego v. People,* 19 P.3d 1 (Colo. 2001).

Here, the trial court initially gave the following complicity instruction:

A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established by the prosecution beyond a reasonable doubt:

1. A crime must have been committed.

2. Another person must have committed all or part of the crime.

3. The defendant must have had knowledge that the other person intended to commit all or part of the crime.

4. The defendant must have had the intent to promote or facilitate the commission of the crime.

5. The defendant must have aided, abetted, advised, or encouraged the other person in the commission or planning of the crime.

This instruction, reflecting the dual mental state requirement, was approved by the supreme court in *Bogdanov,* 941 P.2d at 254 n. 10.

■ During jury deliberations, the jury posed the following question: "On complicity—does someone have to have knowledge of the intent prior to the act being committed or can the person watching the act happen be complicit by observing the act happen know [sic] that at the time the act is occurring that they [sic] are intending to do the act[?]"

In response, the trial court gave the following supplemental instruction: "The defendant must have had knowledge of the other person's intent to commit all or part of the crime either before or at the time the other person committed all or part of the crime." Defendant asserts that this response was improper.

We first consider and reject defendant's contention that the trial court should have referred the jury back to the original complicity instruction, and that it abused its discretion by providing a response.

■■ In general, if a jury asks for clarification on a point of law, the trial court should provide that clarification unless (1) the jury may be adequately informed by directing its attention to some portion of the original instructions; (2) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or (3) the request would call upon the judge to express an opinion upon factual matters that the jury should determine. *Leonardo v. People,* 728 P.2d 1252, 1255 (Colo.1986).

When the jury manifests its confusion by submitting to the trial court a question indicating that it does not understand an element of the offense charged or some other matter of law central to the guilt or innocence of the accused, the trial court must clearly and unambiguously clarify that matter for the jury.

*Bass,* 155 P.3d at 552.

Although defendant here contends that the trial court was required to do as the court did in *Bass,* namely, to refer the jury back to the original instructions, we conclude that it was not an abuse of the trial court's discretion here to craft and give a correct supplemental complicity instruction. The jury question addressed here was the third posed to the court about the complicity instruction, and the court had already referred the jury back to its original instructions. The trial court expressed its concern about the length of time the jury had been deliberating (more than two days) and the jury's continued confusion about complicity. The court stated, "[C]omplicity [is] a very difficult concept, and [the jury is] obviously struggling with it. So I think to the extent that I can help them with their question, I should." We conclude the trial court did not abuse its discretion in responding to the jury's question. *Cf. id.* at 552–53 (trial court did not abuse its discretion in responding to similar inquiry about complicity instruction by referring jury back to original instructions).

■ We also reject defendant's contention that the trial court's response lessened the prosecution's burden of proof and evidence production on the elements of complicity by giving the jury a "broader time frame" in which to find defendant was a complicitor. Defendant argues, "Perhaps the knowledge

element of complicity can be formed either prior to or during the crime's commission, however, that issue is clearly one for the jury to determine on its own and, as *Bass* contemplated, should be resolved by a reference back to the original complicity and mens rea instruction[s]." Defendant has cited no authority that supports his view that the supplemental instruction given here impermissibly lessened the prosecution's burden of proof, and we have found none. Neither the complicity statute nor *Bogdanov* sets forth a temporal limitation on the knowledge requirement. The requisite knowledge is minimal. *See People v. Wilson*, 791 P.2d 1247, 1249–50 (Colo.App.1990) (proof of knowledge may be circumstantial, and "[p]roof that the complicitor had some knowledge of the principal's offense may be sufficient"). We have found no legal authority that would require a complicitor to have advance knowledge of the principal's intent to commit a crime. To the contrary, *People v. Wheeler*, 772 P.2d 101, 104 (Colo.1989), indicates that roughly contemporaneous knowledge by the complicitor of the principal's intent is sufficient. That part of *Wheeler*'s holding was not addressed in or limited by *Bogdanov. See* 941 P.2d at 251.

The trial court's supplemental instruction, in combination with the original instruction, correctly informed the jury of the statutory complicity elements and did not lessen the prosecution's burden of proof. Therefore, we conclude the trial court did not err in giving the supplemental instruction.

## III. Sentencing

Defendant also contends that his sentences should be vacated because the trial court impermissibly relied on information in the presentence investigation report (PSIR) to ascertain his sentencing status, and improperly applied the enhanced sentencing range based on a factor which was not charged, admitted to by defendant, or found by a jury. We are not persuaded by these assertions. Although defendant argues that the trial court made an improper finding that he was on bond when he committed the charged offenses, its sentencing determination did not depend on defendant's bond status.

### A. Legal Standards

▮▮▮ A trial court has broad discretion over sentencing decisions, which will not be overturned unless the court abuses that discretion. *Lopez v. People*, 113 P.3d 713, 720 (Colo.2005). Although we generally review constitutional challenges to sentencing determinations de novo, *id.*, where, as here, a defendant fails to preserve a challenge under *Blakely v. Washington*, 542 U.S. 296, 301, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), at sentencing, we review such a challenge on appeal for plain error. *People v. Miller*, 113 P.3d 743, 745 (Colo.2005); *People v. Banark*, 155 P.3d 609, 611 (Colo.App.2007). Plain error must be both obvious and substantial, and "we will not vacate a sentence for plain error unless the error so undermined the fundamental fairness of the sentencing proceeding as to cast serious doubt on the reliability of the sentence." *Banark*, 155 P.3d at 611.

▮▮▮ "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301, 124 S.Ct. 2531 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Facts regarding a defendant's prior convictions are "*Blakely*-exempt." *Lopez*, 113 P.3d at 723. This prior conviction exemption is not limited to just the fact of conviction. It extends to any facts "regarding" the prior conviction that can be found in conclusive judicial records, such as a defendant's probation or parole status at the time of the offense. *People v. Huber*, 139 P.3d 628, 633 (Colo.2006); *People v. Montoya*, 141 P.3d 916, 922–23 (Colo.App.2006).

### B. Application

▮▮▮ The trial court learned from its review of the PSIR that defendant "was charged in a juvenile case at the time that he committed the offense in question here," and that the juvenile offense would have constituted a felony if committed by an adult. Defendant did not object to the correctness of this information in the PSIR, and the

information could be found in conclusive judicial records. The trial court further stated:

> [U]nder Colorado Revised Statute Section 18–1.3–401, Subsection 9—8.5[sic], this is a sentence enhancer. And so he is subject, then, to a sentencing range which would be the minimum of the presumptive range to twice the maximum of the presumptive range.

It is undisputed that the trial court did not actually impose any enhanced sentences. Nevertheless, defendant asserts that the court misapprehended the available sentencing ranges, and therefore that resentencing is mandated. *See People v. Willcoxon,* 80 P.3d 817, 822 (Colo.App.2002). We do not agree that the court misapprehended the available sentencing ranges.

Under section 18–1.3–401(9)(a.5), C.R.S. 2010, a trial court must sentence a defendant to at least the minimum of the presumptive range but not more than twice the maximum of the presumptive range if, "[a]t the time of the commission of the felony, the defendant was charged with or was on bond for a delinquent act that would have constituted a felony if committed by an adult."

The trial court apparently relied on subsection (a.5) when it noted that defendant had been "charged with a juvenile offense [when] he committed" the crimes in issue here. (We assume the transcript's reference to subsection "(8.5)" was a mistranscription of "(a.5).") Furthermore, aside from showing the date on which defendant was charged with the juvenile offense—a date prior to the pawn shop burglary—the PSIR showed that defendant had been *convicted* of the juvenile offense. Because defendant could not have been convicted of the offense without having been charged with it, and because the fact of the prior conviction and its charging date could have been discerned from conclusive judicial records, the facts underlying the trial court's enhancement of the sentencing range were facts "regarding" the prior conviction and were *Blakely*-exempt. *See Huber,* 139 P.3d at 633.

Accordingly, we discern no plain error in the trial court's determination that the enhanced sentencing ranges applied, and conclude that resentencing is therefore not required.

The judgment and sentence are affirmed.

Judge TAUBMAN concurs.

Judge MILLER specially concurs.

Judge MILLER specially concurring.

I concur fully in parts I and II of the majority opinion. I also concur in the result reached in part III, but I respectfully disagree with the majority's reasoning and therefore write separately.

In summary, I would not reach defendant's constitutional arguments that his sentences were improperly enhanced pursuant to section 18–1.3–401(9), C.R.S.2010 (subsection (9)), because of noncompliance with the requirements of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and *Lopez v. People,* 113 P.3d 713 (Colo. 2005). I would not consider those arguments because the trial court did not enhance defendant's sentences based on subsection (9).

## I. Background

The basic sentencing structure for persons convicted of felonies in Colorado appears in section 18–1.3–401, C.R.S.2010. Subsection (1)(a)(V)(A) of that provision establishes presumptive ranges of imprisonment for the six classes of felonies. Other subsections of section 18–1.3–401 (and other statutes) provide for increasing or reducing the presumptive ranges under specified circumstances.

Subsection (9) is the most relevant of these subsections for this case. It provides that the presence of specified sentence-enhancing circumstances requires the court to double the maximum term authorized in the presumptive range. One of the specified circumstances is set forth in subsection (9)(a.5): "At the time of the commission of the felony, the defendant was charged with or was on bond for a delinquent act that would have constituted a felony if committed by an adult."

Defendant was convicted by a jury of the following felonies in connection with the rob-

bery of a pawnshop with four other individuals:

- Two counts of aggravated robbery (force, threats, or intimidation (FTI));
- One count of conspiracy to commit aggravated robbery (armed confederate);
- Two counts of second degree kidnapping;
- Two counts of aggravated robbery (armed confederate);
- One count of first degree burglary;
- One count of theft ($15,000 or more); and
- Two counts of felony menacing.

Based on the presentence investigation report, the trial court found that, at the time defendant committed these felonies, he had been charged in a juvenile case with trespass of an automobile with intent to commit a crime therein. If committed by an adult, that offense would have been a felony. § 18–4–502, C.R.S.2010. The court therefore enhanced the sentencing range, pursuant to subsection (9)(a.5),[1] for many of the counts on which defendant was convicted to twice the maximum of the presumptive range. The court also increased the sentencing ranges for some counts based on the presence of crime of violence, section 18–1.3–401(8)(a)(I), C.R.S.2010, and extraordinary risk, section 18–1.3–401(10), C.R.S.2010, factors, which increases defendant does not challenge.

## II.  Analysis

I begin the analysis with our supreme court's caution that we may not address constitutional issues when not required to reach them. *Denver Publ'g Co. v. Bd. of County Comm'rs*, 121 P.3d 190, 194 (Colo.2005) ("[I]t is our obligation and crucial to our exercise of judicial authority that we do not resolve constitutional questions or make determinations regarding the extent of constitutional rights unless such a determination is essential and the necessity for such a decision is clear and inescapable."); *People v. Chippewa*, 751 P.2d 607, 614 n. 6 (Colo.1988) (declining to reach constitutional question whether the defendant's plea was entered knowingly and voluntarily where lower court decision could be affirmed on nonconstitutional ground).

Here, the majority has, in my view, decided a constitutional issue of first impression in this state—whether the date on which a defendant was charged with an offense in a prior case is a *Blakely*-exempt fact related to his conviction of that offense that need not be decided by a jury under the Sixth Amendment. For the reasons discussed below, I conclude that we need not address that question because the trial court did not enhance any of defendant's sentences beyond the maximum terms of the presumptive ranges based on the date of the prior charge.

The *Blakely* arguments for five of defendant's sentences can be disposed of summarily on two nonconstitutional grounds.

First, the trial court did not enhance the sentencing ranges pursuant to subsection (9) for the two aggravated robbery (FTI) counts and the conspiracy to commit aggravated robbery (armed confederate) count. Defendant's *Blakely* arguments, which rely solely on the subsection (9) enhancement, therefore, do not apply to the sentences on these counts.

Second, the trial court sentenced defendant to the minimum term of eight years in both the presumptive and enhanced ranges on the two second degree kidnapping counts. As a result, the enhancement of the upper end of the sentencing ranges on those counts could not possibly have caused the trial court to run afoul of *Blakely* in imposing the eight-year minimum sentences.

That leaves the remaining six sentences for aggravated robbery (armed confederate), first degree burglary, theft, and felony menacing. All of these sentences remained well within the presumptive ranges despite the trial court's conclusion that it was required by subsection (9)(a.5) to enhance the sentencing ranges.

Defendant nevertheless argues that these sentences must be vacated because the court improperly, under *Blakely*, believed the appropriate sentencing range was "doubly severe." He relies exclusively on an opinion of another division of this court, *People v. Will-*

---

1. Defendant's brief assumes that the trial court relied on subsection (9) (c. 5) rather than subsection (9)(a.5). I agree with the majority in rejecting that view.

coxon, 80 P.3d 817, 822 (Colo.App.2002), which remanded for resentencing when a trial court had improperly aggravated a sentencing range but imposed a sentence that fell within both the presumptive and aggravated ranges.

In *Willcoxon*, the presumptive sentencing range for the defendant's offense was two to six years. The division concluded that the trial court erroneously aggravated the sentencing range to four to twelve years. *Id.* The six-year sentence imposed fell within both the presumptive and aggravated ranges. Because the record was unclear as to which range the trial court employed, the division remanded for reconsideration of the sentence, observing, "Where a trial court misapprehends the scope of its discretion in imposing sentence, a remand is necessary for reconsideration of the sentence within the appropriate sentencing range." *Id.* The division instructed that if the trial court had used the aggravated range, it must impose a new sentence within the presumptive range, which could also be six years if accompanied by appropriate findings. *Id.*

I am not persuaded that *Willcoxon* requires us to consider defendant's *Blakely* arguments. That case did not involve a *Blakely* challenge and, in fact, was decided two years before the Supreme Court decided *Blakely*. Two other divisions of this court subsequently held that "the rule announced in *Blakely* and *Apprendi* only applies when an offender receives a sentence outside the presumptive range." *People v. Aguilar–Ramos*, 224 P.3d 402, 405 (Colo.App.2009); *accord People v. O'Connell*, 134 P.3d 460, 466 (Colo.App.2005). In *Aguilar–Ramos*, the defendant's twenty-four-year sentence was the maximum term of the presumptive range for the felony of which the jury convicted him. The division therefore held that *Blakely* and *Apprendi* were not implicated.[2]

O'Connell involved circumstances similar to those in the present case and *Willcoxon*. The defendant there was convicted of burglary and attempted sexual assault on a child, the respective presumptive ranges of which were four to twelve years and one to three years. The trial court aggravated the ranges for these sentences, allegedly in violation of *Blakely*, to eight to twenty-four years for burglary and two to six years for attempted sexual assault. 134 P.3d at 466. The trial court then imposed sentences of ten years and two years, respectively, which were within the presumptive and aggravated ranges. The division held that even if the trial court indicated it would sentence within the aggravated ranges, the sentences nonetheless remained within the presumptive ranges and, therefore, *Blakely* did not apply. *Id.*[3]

Thus, under *O'Connell* and *Aguilar–Ramos*, the rule of *Blakely* and *Apprendi* does not apply to a sentence within the presumptive range, even if the sentencing court's aggravation of the sentencing range was based on factors that were neither *Blakely*-compliant nor *Blakely*-exempt. Accordingly, the trial court here did not misapprehend or abuse its discretion by imposing sentences within the presumptive range.

I recognize that the trial court sentenced defendant to two years on each of the felony menacing counts and that it stated the minimum term for the "applicable" sentencing range for these offenses was also two years. The presumptive range for these class five felonies is one to three years. § 18–1.3–401(1)(a)(V)(A).

The court offered no explanation for its calculation of "the applicable range." Subsection (9) does not require or authorize increasing the *minimum* term of the presumptive range. On appeal, defendant challenges the sentencing for felony menacing solely because of the improper enhancement of the *maximum* term under subsection (9). He

2. In *Aguilar–Ramos v. Medina*, No. 11–1136, 2011 WL 2489981, *1 (10th Cir. June 23, 2011) (unpublished order), the Tenth Circuit denied a certificate of appealability where the federal district court held on habeas review that the division's "determination ... was not contrary to or an unreasonable application of *Apprendi*." *Aguilar–Ramos v. Medina*, No. 10–CV–00505–CMA,

2011 WL 883055, *4 (D.Colo. Mar. 14, 2011) (unpublished order).

3. The *O'Connell* division cited *Willcoxon* on another sentencing issue, 134 P.3d at 466, but apparently did not see its relevance to whether a sentence within overlapping presumptive and improperly aggravated ranges must be remanded.

does not challenge the increase in the *minimum* term of the presumptive range on any basis other than subsection (9). Therefore, his arguments based on *Blakely* do not apply to these two sentences.

Accordingly, I would affirm all of defendant's sentences without reaching the merits of his *Blakely* arguments.